**In re William T. WILLIAMS, Debtor.**

**George T. HADLEY, Trustee, Plaintiff,**

**v.**

**Laura L. BLAIR, Defendant.**

**Bankruptcy No. 85–794–8P7.
Adv. No. 87–466.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 12, 1988.

Jary C. Nixon, Tampa, Fla., for trustee.

---

George K. Rahdert, Alison M. Steele, St. Petersburg, Fla., for defendant.

George Hadley, trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration in this adversary proceeding is a claim presented by a "Complaint for Turnover" filed by the Trustee, George T. Hadley (Trustee) filed against Laura L. Blair (Ms. Blair), the Defendant named in the Complaint. Also under consideration is a counterclaim filed by Ms. Blair seeking the imposition of a constructive trust on a residential real property sought to be recovered by the Trustee. The facts relevant to a resolution of this matter and as established at the final evidentiary hearing are as follows:

Ms. Blair is an elderly widowed woman in her 80's, who presently resides at 5702 16th Avenue, South, Gulfport, Florida. She purchased this property sometime in the 1950's and has lived there since. W.T. Williams (Debtor) is a licensed physical therapist who describes himself as a "nurse of a sort" who resided at the time relevant across the street from Ms. Blair. The Debtor and Ms. Blair became fast friends in 1983. It is undisputed that the Debtor frequently took meals to Ms. Blair, ran errands for her, drove her to the doctor, and generally took care of her. It should be noted, however, that she has been and still is fully capable to take care of herself and does not suffer from any significant impairment of mind or body. For instance, in spite of her advanced age, she has been able to ride a tricycle, cut her own grass and do her own shopping.

On November 1, 1983, Ms. Blair executed a Last Will and Testament (Plaintiff's Exh. 2) witnessed by two individuals, neither of which was the Debtor. After a $100 religious bequest, Ms. Blair bequested the remainder of her estate to the Debtor, and appointed the Debtor as the personal representative of her estate. In addition around this same time, Ms. Blair placed the Debtor's name as a signatory on certain of her bank accounts and named the Debtor as an additional holder of certain certificates of deposit owned by her.

On December 22, 1983, it appears that the Debtor accompanied Ms. Blair to her attorney's office, where she requested Mr. Ruiz, the attorney, to prepare paperwork to convey her residence to the Debtor while retaining a life estate. It appears that although Mr. Ruiz did prepare a quit claim deed conveying the property to the Debtor reserving a life estate in her favor, Mr. Ruiz refused to assist her to complete the transaction as she could not produce any documentation to properly identify herself. Although the record is unclear on this point, it appears that the Debtor then drove Ms. Blair to her bank, at her request, where she requested to see a notary public and then outside the presence of the Debtor, requested the bank employee to notarize her signature on the deed to her residence transferring title from the Defendant to the Debtor. (Plaintiff's Exh. 1). This executed deed was subsequently recorded on December 23, 1983, by the Debtor.

On February 26, 1985, the Debtor executed a quit claim deed of the property in favor of his cousin, Gordon H. Finch (Finch) (Defendant's Exh. 2) for a consideration of $10,000.00; whether Finch actually paid this amount to Debtor is unclear. The conveyance was, of course, subject to the life estate of Ms. Blair.

On April 1, 1985, the Debtor filed his Chapter 7 Petition. It appears that in November, 1985, Ms. Blair filed suit in the circuit court for Pinellas County against Finch and sought to invalidate the conveyance by her to the Debtor. In connection with this lawsuit, Ms. Blair recorded a lis pendens on the property. Due to the failure of Finch to comply with discovery rules, Ms. Blair sought and ultimately obtained an order striking all pleadings filed by Finch, and around August, 1986, a Final Judgment was entered by default in favor of Ms. Blair against Finch by the Circuit

Court. Although the circuit court did not make any finding of facts regarding the Debtor's conduct, the Final Judgment ordered Finch to reconvey any and all interest he held in the property to Ms. Blair. The Final Judgment also declared that Ms. Blair was entitled to fee simple ownership of the property free and clear of any interest of the Debtor. On June 3, 1987, the Final Judgment was affirmed on appeal *per curiam* by the Second District Court of Appeal of the State of Florida.

Shortly after the commencement of this Chapter 7 case, the Trustee filed an adversary proceeding, No. 86–126, styled "George Hadley, Trustee v. Gordon Finch" in which the Trustee sought to invalidate the conveyance of the Gulfport property from the Debtor to Finch as a fraudulent transfer pursuant to § 548 of the Bankruptcy Code. In February of 1987, this Court entered a Final Judgment by default in favor of the Trustee which directed Finch to convey the Gulfport property to the Trustee.

While the Trustee concedes that Ms. Blair has at minimum a life estate in the Gulfport property, it is his contention that pursuant to the Final Judgment entered by this Court against Finch, the Gulfport property is property of the estate, and, therefore, Ms. Blair should be ordered to convey the property to the Trustee for administration for the benefit of creditors of the estate of the Debtor. In this connection it should be noted that the Trustee contends that at the time he filed the adversary proceeding against Ms. Blair and at the time the Debtor filed his Chapter 7 Petition, he had no knowledge of the pending state court suit concerning the Gulfport property. Thus, the Trustee contends that since he was not a party to the state court litigation, any judgment entered by that court can not act as a binding determination of the estate's right to the Gulfport property. Finally, the Trustee contends that in any event, Ms. Blair's attempt to assert a constructive trust on the Gulfport property is invalid as it may be avoided by the Trustee pursuant to § 544(a)(3) of the Bankruptcy Code. In opposition, Ms. Blair contends that the Gulfport property is not property of the estate; that principles of res judicata and collateral estoppel dictate that the state court judgment governs the parties' respective ownership rights to the Gulfport property, and, in the alternative, that a constructive trust should be imposed on the property in her favor as the Debtor allegedly obtained title to the Gulfport property by fraud, misrepresentation, and undue influence.

■ It should be noted at the outset that § 542 of the Bankruptcy Code was never designed to apply to the Trustee's attempt to obtain title to real property which he alleges is property of the estate. Instead, § 542 was designed to allow the Trustee to obtain possession of tangible personal property belonging to the Debtor, but that is in the possession of another.

■ However, even assuming the Complaint is procedurally proper, based on the foregoing facts, it is evident that the threshold issue is whether the Gulfport property is in fact, property of the estate. This question, of course, is governed in turn by § 541 of the Bankruptcy Code, which provides in pertinent part that the property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. There is no question and it is without dispute, that at the time of the commencement of this case, legal title to the Gulfport property was held by Finch, subject to the Defendant's life estate, and thus, the Debtor had no legal or equitable interest in the Gulfport property.

It is equally clear, however, that the Trustee is empowered to recover properties transferred by the Debtor pursuant to either § 548 or under other special voiding powers granted to the Trustee by the Bankruptcy Code, e.g., § 544—§ 547 and § 549. In fact, as noted previously, the Trustee sought such a recovery pursuant to § 548 of the Bankruptcy Code in the adversary proceeding filed against Finch, and obtained a final judgment by default against Finch. However, this final judgment is without legal significance simply because it entitled the trustee to recover

for the estate only whatever interest the Debtor had in the property. Of course, the Trustee has no greater rights than those of the Debtor, except those rights based on the special voiding powers granted to the Trustee by § 544, § 545, and § 547 of the Bankruptcy Code. In this case the Debtor had no interest in the property for the following reasons:

It is well settled that the resolution of the effect of a state court judgment on subsequent litigation in a federal court is governed by the full faith and credit statute, 28 U.S.C. § 1738. This statute provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. Based on the application of the foregoing to this proceeding, this Court is satisfied that as the issue of ownership of the Gulfport property was resolved with finality in the Circuit Court, the principle of collateral estoppel precludes relitigation in this Court of the same issue. *See* Fla. Jur.2d, *Judgments and Decrees*, § 114. Because the Circuit Court had already directed Finch to convey the property to Ms. Blair at the time this Court entered its Final Judgment directing Finch to convey the property to the Trustee, Finch was incapable of complying with this Court's final judgment. Moreover, at the time this Court entered its Final Judgment against Finch, the title to the property was already held by Ms. Blair as the Circuit Court judgment provided that in the event Finch failed to convey the property within 10 days of the entry of the Final Judgment, then the Final Judgment itself would act to transfer the title to the Gulfport property.

This being the case, the Debtor had no legal or equitable interest in the Gulfport property on the date of the commencement of this case, therefore, neither does the Trustee. Accordingly, based on the principles of collateral estoppel, this Court is duty bound to recognize the Circuit Court judgment as determinative of the respective parties' rights of the parties to the Gulfport property, therefore, Ms. Blair is deemed to be the fee simple owner of the Gulfport property free and clear of any interest of the estate of Williams.

A separate Final Judgment will be entered in accordance with the foregoing.